John J. Dillon, S.
This is a combined executor’s final accounting proceeding and a trustees ’ intermediate accounting proceeding. A claim of $20,000 with interest from April, 1935 was rejected by the executor, and the claimant has interposed objections to the account. The executor has served the objectant with a notice of intention to amend Schedule “ D2 ” of his account to indicate that the claim is ‘ ‘ barred by the statute of limitations.” One of the special guardians has interposed an “ answer” to the claim likewise alleging that it is barred by the Statute of Limitations. Two of the persons interested in the estate, through their attorneys, have likewise filed an “ answer ” alleging that the claim is outlawed by the Statute of Limitations. The claimant has made three separate motions to dismiss the two “ answers ” and the notice to amend on the grounds that said “pleadings” have not been verified in accordance with section 49 of the Surrogate’s Court Act, that they were not timely served and filed, and that the court had not granted permission to serve or file the aforesaid instruments.
Section 49 of the Surrogate’s Court Act does not make any reference to a reply as one of the pleadings in Surrogates’ Courts. However, there is ample authority for the court to permit parties to a proceeding to serve and file a reply where the same is necessary in order to properly frame issues or
*472 affirmatively plead a defense as in the instant case (Matter of Foote, 1 A D 2d 671; Matter of Unger, 172 Misc. 952, affd. 259 App. Div. 823).
The court is in accord with the claimant’s contention that all pleadings in this court should be verified and therefore, the motions to dismiss the “answers.” and the notice to amend are granted, but the parties interested in this matter will be given until June 27, 1961 to serve and file a verified reply to the objections.